IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BRITTANY DAVIS                                                        PLAINTIFF

2910 Ballard School Road
LaGrange, Kentucky 40031


                                        Case No.  3:15-cv-736-TBR


v.

                                        Judge  Thomas B. Russell



ENHANCED RECOVERY COMPANY, LLC                          DEFENDANTS

8014 Bayberry Road
Jacksonville, Florida 32256

        SERVE:       KENTUCKY SECRETARY OF STATE


AND



EQUIFAX INFORMATION SERVICES, LLC

1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:       CSC-Lawyers Incorporating Service Co.
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

                        ** ** ** **

### VERIFIED COMPLAINT

        Comes the Plaintiff, Brittany Davis, by counsel, and for her Verified Complaint against the

Defendants, Enhanced Recovery Company, LLC ("ERC") and Equifax Information Services, LLC

("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of ERC's false reporting to Equifax of an alleged delinquent debt of the Plaintiff, and Equifax's failure to correct ERC's false reporting on Plaintiff's credit reports.

## II.  PARTIES

2.     Plaintiff, Brittany Davis, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2910 Ballard School Road, LaGrange, Kentucky 40214.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, Enhanced Recovery, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5.     Enhanced Recovery is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Oldham County, Kentucky as a result of the Defendants doing business in Oldham County, Kentucky.

### IV.  FACTUAL BACKGROUND

10.     In or around June 2015, Plaintiff was in the process of attempting to secure mortgage financing and accessed her credit history.  In accessing her credit history, Plaintiff discovered that her Equifax credit report contained a derogatory entry furnished by ERC regarding an alleged past due account with Time Warner.

11.     Immediately upon discovery of the ERC derogatory entry, Plaintiff contacted Time Warner and advised Time Warnr that the alleged account was fraudulent.

12.     Also immediately upon discovery of the ERC derogatory entries, Plaintiff filed a dispute with Equifax regarding the derogatory ERC tradeline.

13.     Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ERC of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

14.     In or around August 2015, Equifax verified the ERC account.

15.     Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, Equifax failed to remove the disputed item from Plaintiff's credit report.  Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

16.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the ERC accounts.

## V.  CLAIMS

### Negligence - ERC

17.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.     ERC's false reporting to Equifax regarding the alleged delinquent debt was negligent under applicable law.  In falsely reporting the alleged debt as delinquent, ERC breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

19.     ERC's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.  ERC's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff was willful and wanton entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

20.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21.     Equifax's failure to remove ERC's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.  In failing to remove ERC's false report of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit

reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

22.     Equifax's negligent failure to remove ERC's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

23.     Equifax's failure to remove ERC's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – ERC

24.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.     ERC, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax that Plaintiff was past due on the alleged Time Warner account and that the Time Warner account was in collection status. ERC's statements were made with conscious disregard for the rights of the Plaintiff.

26.     ERC's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

27.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC, and other currently unknown

5

entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged Time Warner account and that the Time Warner account is in collection status. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

29. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – ERC**

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. ERC's false reporting to Equifax of Plaintiff's alleged delinquency is a violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

32. ERC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

33. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

37.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – ERC

38.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.     ERC's false reporting to Equifax of Plaintiff's alleged delinquency, despite ERC's knowledge of the falsity of its reporting, is a willful violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

40.     Given ERC's knowledge of the falsity of its reporting, ERC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

41.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.     Equifax's failure to remove the disputed item from Plaintiff's credit report despite

knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

43.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

44.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Brittany Davis, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY  40202
(502) 589-4994
dhemminger@lynchcox.com
Counsel for Plaintiff

## **<u>VERIFICATION</u>**

I, Brittany Davis, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Brittany Davis


COMMONWEALTH OF KENTUCKY       )
                               )  SS
COUNTY OF OLDHAM               )

Subscribed, sworn to and acknowledged before me by Brittany Davis this ___ day of _____, 2015.

_____
Notary Public

Commission expires:_____